IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENHSEN RODRIGUEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 3:24 - 43 |
| vs. ) | Judge Stephanie L. Haines |
| ) | Magistrate Judge Keith A. Pesto |
| COLETTE PETERS, *Director of Bureau* ) | |
| *of Prisons,* MICHAEL UNDERWOOD, ) | |
| *Warden,* ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM ORDER**

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition") (ECF No. 7) brought by Jenhsen Rodriguez ("Petitioner"). Petitioner is a federal prisoner housed at the Federal Corrections Institution at Loretto ("FCI–Loretto") serving a 126-month term of imprisonment imposed by the Western District of New York. Petitioner contends that the Bureau of Prisons is wrongly computing his sentence because they have denied his earned time credits ("ETCs"[1]) in violation of his due process rights under the Fifth and Fourteenth Amendments. This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

On March 11, 2024, Petitioner filed the present Writ of Habeas Corpus (ECF No. 7). Attached to the Petition are 11 exhibits that Petitioner attaches to each successive filing and

---

[1] The First Step Act requires the Bureau of Prisons to use the Attorney General's risk and needs assessment program to assess recidivism risk and accordingly place inmates in recidivism reduction programming. Inmates are eligible to receive ETCs if they are imprisoned under eligible offences and partake in related programming.

references frequently.[2]  On May 21, 2024, Respondents filed a response to the Petition ("Response") (ECF No. 11) that argued Petitioner is ineligible for ETCs and has not exhausted his administrative remedies at FCI–Loretto. On June 6, 2024, Petitioner filed a reply to the Response ("Reply") (ECF No. 12) which reiterated Petitioner's argument that he is eligible for ETCs and has exhausted his administrative remedies.

On June 7, 2024, Magistrate Judge Pesto submitted a Report and Recommendation ("R&R") (ECF No. 13) recommending that the Petition be dismissed because Petitioner's sentence is not eligible for ETCs and because Petitioner did not exhaust his administrative remedies. This recommendation stems from Petitioner's conviction under 18 U.S.C. § 942(c), an offense ineligible for ETCs, and the fact that Petitioner did not amend the original grievance submitted to FCI-Loretto as instructed at the outset of this action. (ECF Nos. 7-2, 13; 18 U.S.C. § 3632 (d)(4)(D) (xxii)). Petitioner was notified of his right to file written Objections within fourteen days.

On June 24, 2024, Petitioner filed timely Objections to the R&R ("Objection") (ECF No. 14) which provided essentially the same narrative that was given in Petitioner's Reply on June 10,

---

[2] Exhibit 7-1 is Petitioner's original grievance form to FCI–Loretto in which he requests proper computation of his ETCs.  Exhibit 7-2 is the first response from FCI–Loretto which rejects Petitioner's grievance because he did not provide specific information about his case (e.g. case number), his documents were improperly attached, he did not sign the attachment, and he did not state a clear remedy for relief.  Ex. 7-2 also contains Petitioner's response request for administrative remedy in which he reiterates his claim.  Exhibit 7-3 is the second response from FCI–Loretto that concurs with the first response, and it contains Petitioner's response from Ex. 7-2. Exhibit 7-4 is again a concurrence with the first response by FCI–Loretto, to which Petitioner responds with his argument. Exhibits 7-5 – 7-7 are documents that explore Petitioner's recidivism risk under the risk and needs assessment program. Exhibit 7-8 is PS 1330.18 § 12 § 542.18, which outlines how long a prison has to respond to a request or appeal.  Exhibits 7-9 and 7-10 are Petitioner's letter and affidavit to the Court. The final Exhibit is an envelope. These exhibits were also docketed at ECF Nos. 12 and 14.

2024. In the Reply (ECF No. 12), Petitioner objects to the computation of his ETCs under the notion that his sentences are not aggregated and his offenses are not crimes of violence. Petitioner further objects that he has exhausted his administrative remedies despite not making the changes requested by FCI-Loretto on October 16, 2023, because his claims and request for relief have remained the same. The Objection does not address Magistrate Judge Pesto's reasoning beyond Petitioner's arguments in his Reply (ECF No. 14). The Court concludes that Petitioner's objections do not undermine the recommendation of Magistrate Judge Pesto as to the disposition of this action.

As for the matter of administrative remedies, this Court finds that Magistrate Judge Pesto correctly observed that, regardless of ETC eligibility, Petitioner has not exhausted his administrative remedies at FCI-Loretto before bringing the Petition before this Court. (ECF No. 13). Petitioner has gone through the administrative steps to reach this Court, but the substance of his grievance was deficient in that it lacks necessary elements to reach a conclusion on the merits such as specific details about Petitioners case (*e.g.* case number), properly attached documents, a signature, and a clear remedy for relief. (Obj. Ex. 7-2, at Reject Reasons 1-3; ECF 14). Exhausting administrative remedies "means using all steps that the agency holds out, and doing so *properly*." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original).

Petitioner did not properly amend the original grievance to FCI-Loretto - even after being instructed to do so at each appeal. (Obj. Ex. 7-2, at Reject Reasons 1-3; Pet. Ex. 7-5 at Reject Reason 1; Pet. Ex. 7-3 at Reject Reason 1). As for Petitioner's statement that FCI-Loretto is trying to "administer out of existence a law not to their liking" by not responding to Petitioner's later appeals, it is acknowledged that PS 1330.18 § 12 § 542.18 (Obj. Ex. 14-4) states "[i]f the inmate does not receive a response within the time allotted for reply … the inmate may consider the

absence of a response to be a denial at that level." Therefore, this Court finds that Petitioner has not properly exhausted his administrative remedies before appearing before the Court.

Though the Court could dismiss the Petition for failure to exhaust, it will perform its due diligence as to Petitioner's eligibility for ETCs. As extensively reasoned in the R&R and acknowledged by Petitioner, offenders who are serving a sentence for an offense under 18 U.S.C. § 3632 (d)(4)(D) (xxii), including § 924(c), are ineligible for ETCs. Petitioner reiterates in the Objection that ETCs should be applicable to his two eligible offenses because they run concurrently, not in aggregate as the R&R and response from FCI–Loretto claim. However, as Magistrate Judge Pesto rightly acknowledged, "[m]ultiple terms of imprisonment ordered to run consecutively *or concurrently* shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c), ECF No. 13, p. 2 (emphasis added). Therefore, Petitioner's three sentences are to be treated as one aggregate sentence for the purposes of ETC computation. Thus, this Court finds that Petitioner's sentence is not eligible for ETCs.

The Court agrees with Magistrate Judge Pesto's analysis and finds that Petitioner has not adequately exhausted his administrative remedies and that Petitioner's sentence is ineligible for ETCs.

Accordingly, the following order is entered:

### ORDER

AND NOW, this 29th day of July, 2025, the reasoning set forth in Magistrate Judge Pesto's Report and Recommendation, (ECF No. 13), is adopted as the opinion of the Court, as supplemented herein, and IT IS ORDERED that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 7) hereby is DISMISSED WITH PREJUDICE; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

*Stephanie L. Haines*
Stephanie L. Haines
United States District Judge

**Notice by U.S. Mail to:**

Jenhsen Rodriguez

27773-055

Federal Correctional Institution - Loretto

Inmate Mail/Parcels

P.O. Box 1000

Cresson, PA 16630

Pro Se